**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4768**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

WONNICK LOUIS, a/k/a Wonni, a/k/a Shorty,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.   James C. Turk, Senior District Judge.  (CR-02-30098)

———————

Submitted:  June 21, 2006          Decided:  July 13, 2006

———————

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis Dene, DENE & DENE, P.C., Abingdon, Virginia, for Appellant. Jean Barrett Hudson, Bruce A. Pagel, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wonnick Louis appeals his conviction and sentence to 108 months in prison and five years of supervised release following his guilty plea to one count of conspiracy to possess with intent to distribute at least fifty grams of cocaine base and five hundred grams of cocaine in violation of 21 U.S.C. §§ 841, 846 (2000). Louis's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the issue of whether the district court committed error in sentencing Louis. Louis has been informed of his right to file a pro se supplemental brief but has not done so. However, Louis filed a pro se motion for appointment of new counsel in which he explained he wished to raise the issue of whether his trial counsel was ineffective. We affirm.

In Louis's plea agreement, he stipulated that he was accountable for between five hundred grams and 1.5 kilograms of cocaine base and between five hundred grams and two kilograms of cocaine. The Government agreed not to oppose Louis's sentencing under the safety valve provisions limiting applicability of the statutory minimum sentence, see 18 U.S.C. § 3553(f) (2000); U.S. Sentencing Guidelines Manual ("USSG") § 5C1.2 (2004), and to recommend a two-level reduction for acceptance of responsibility. Louis waived his right to appeal sentencing issues and to collaterally attack his criminal judgment and sentence. Louis,

- 2 -

whose native language is Creole, was provided an interpreter at his guilty plea hearing. The district court conducted an extensive colloquy in compliance with Fed. R. Civ. P. 11(b). Louis affirmed that he had reviewed the plea agreement with his attorney and fully understood it; he was satisfied with his attorney; he had agreed to be held accountable for the drug quantities in his plea agreement; and he understood he was giving up his right to appeal sentencing issues.

Based on evidence of controlled buys and information from Louis's other buyers, the presentence report determined Louis was responsible for distribution of at least 1.4 kilograms of cocaine base and at least 595 grams of cocaine equivalent to 29,019 kilograms of marijuana. Accordingly, Louis's base offense level under USSG § 2D1.1 was thirty-six. The probation officer recommended a two-level reduction under the safety valve and a two-level reduction for acceptance of responsibility. With an offense level of thirty-two and criminal history category I, Louis's advisory guideline range was 121 to 151 months. At sentencing, Louis's counsel objected to the drug quantities, but counsel acknowledged the quantities were consistent with Louis's stipulations and the Defense had no contrary evidence.

The district court overruled the objection and adopted the factual findings in the presentence report. However, after hearing argument from Louis's counsel and a statement from Louis,

the district court accorded Louis an additional one-point reduction for acceptance of responsibility. Thus, his total offense level was thirty-one, and his advisory guideline range was 108 to 135 months. The district court sentenced Louis at the low end of his sentencing range to 108 months.

On appeal, Louis's counsel has raised the issue of whether the sentence imposed by the district court was clearly erroneous. See United States v. Jones, 31 F.3d 1304, 1315-16 (4th Cir. 1994).[*] We conclude the district court did not commit error in sentencing Louis. As acknowledged by the Defense at sentencing, the Government's evidence of relevant conduct was uncontradicted and consistent with Louis's stipulations. The district court did not clearly err in finding the Government met its burden of proving relevant conduct. Moreover, Louis's sentence was within properly calculated advisory and statutory sentencing ranges and was reasonable. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Finally, ineffective assistance claims should be raised under 28 U.S.C. § 2255 (2000) and are only cognizable on direct appeal when they are conclusively shown by the record. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). The record before us does not support such a finding.

---

[*]The Government has not sought to enforce Louis's waiver of appellate rights.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Louis's conviction and sentence. We also deny his motion for appointment of new counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>